IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CLIFTON ORLANDO SOLOMON                                            PLAINTIFF

v.                                            Civil No. 4:16-cv-04054

CORPORAL GRIFFIN;
STEVEN KING; WARDEN
BRAZELL; SHERIFF RON
STOVALL; and CORPORAL
T. HANNING                                                     DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Clifton Orlando Solomon's failure to obey orders of the Court. On June 29, 2016, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*.[1] (ECF No. 1). On April 14, 2017, Defendant Steven King filed a Motion for Summary Judgment. (ECF No. 25). On May 12, 2017, the Court filed an order directing Plaintiff to file a response to Defendant King's motion on or before June 9, 2017. (ECF No. 32). Plaintiff was advised in the order that failure to respond within the required period of time could result in the dismissal of his case. Plaintiff did not respond to the Court's order.

On June 29, 2017, the Court entered an order directing Plaintiff to show cause as to why he failed to respond to Defendant King's Motion for Summary Judgment.[2] (ECF No. 35). On July 7, 2017, Plaintiff responded to the show cause order and requested an extension of time to

---

[1] Plaintiff has another case pending against Defendant King in which he makes identical allegations. *See* Case No. 4:16-cv-4038. That case was filed on April 22, 2016, two months prior to the filing of this lawsuit. In that case, the parties consented for the case to be heard and tried by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. Defendant King filed a motion for summary judgment in that case which Judge Bryant denied. That case has been set for a bench trial on July 20, 2018.

[2] On May 3, 2017, Defendants Warden Brazell, Griffin, Sheriff Ron Stovall, and Corporal T. Hanning filed a Motion for Summary Judgment. (ECF No. 29). On May 17, 2017, the Court entered an order directing Plaintiff to file a response to Defendants' motion on or before June 19, 2017. (ECF No. 33). Plaintiff did not respond.

respond to Defendants' motions for summary judgment. (ECF No. 37). The Court granted Plaintiff's motion, giving him until August 11, 2017, to respond to the motions. (ECF No. 38). In this order Plaintiff was again advised that failure to respond within the required time period may subject his case to dismissal.

On August 11, 2017, Plaintiff filed a response (ECF No. 40) which was docketed by the Clerk as a response to Defendant King's Motion for Summary Judgment. However, in his response Plaintiff only addresses his claims against Defendant Griffin. To date, Plaintiff has not filed any response to Defendant King's Motion for Summary Judgment as ordered by the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to comply with two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that Plaintiff's claims against Defendant King should be dismissed. Accordingly, all claims against Defendant King are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 6th day of February 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge